# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN RAY MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-1188 JAR |
| ) | |
| PHELPS COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted.[1] Additionally, the Court will order plaintiff to file an amended complaint.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Normally, prisoners must pay the full filing fee in installments. *See* 28 U.S.C. § 1915(b)(1). However, plaintiff's account statement shows that he has a negative monthly balance and no monthly income. Therefore, the Court will permit plaintiff to proceed without payment of an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against the Phelps County Sheriff's Department, the Phelps County Jail, John Scott, and Richard Lisenbee. He alleges that on June 26, 2016, he "got into an altercation" with a female. He says he opened the back door of her car while the engine running, and he claims she put the car in reverse and he was struck by the car door. He fell down and sustained an injury to his right hip and leg.

Plaintiff alleges that defendant Scott arrived at the scene and took him into custody. He asked Scott for medical treatment, but he claims that Scott denied the request. He asserts that Scott "grabbed" his injured leg and "shoved it in the car."

After he arrived at the Phelps County Jail, he asked for medical care. His requests were denied. Three weeks later, he was seen by a nurse who told him he had strained muscles and bruising. He says she did not order an X-ray examination. She gave him Tylenol for the pain.

## Discussion

Plaintiff's claims against the Sherriff's Department and the County Jail are legally frivolous because they cannot be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Plaintiff did not specify whether he is suing Scott in his official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v.*

2

*Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against Scott.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). There are no allegations in the complaint claiming that defendant Lisenbee was responsible for plaintiff's injuries. Therefore, plaintiff's claim against Lisenbee is frivolous.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint.** *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned.** *Id.* **Plaintiff must allege how each**

3

**and every defendant is directly responsible for the alleged harm. He must plead facts, not conclusions, in support of his claims. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must submit an amended complaint within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 3rd day of August, 2016.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE