UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN RAY MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1188 JAR |
| | ) | |
| PHELPS COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). After review, the Court finds that this action must be dismissed for failure to state a claim upon which relief can be granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against the Phelps County Sheriff's Department, Phelps County Sheriff Richard Lisenbee, Corporal John Scott, Nurse Deon Kelly, and Lieutenant Matt Shults. He alleges that on June 26, 2016, he "got into an altercation" with a female. He says he opened the back door of her car while the engine was running, and he claims she put the car in reverse and he was struck by the car door. He fell down and sustained an injury to his right hip and leg.

Plaintiff alleges that defendant Scott arrived at the scene and took him into custody. He asked Scott for medical treatment, but he claims that Scott denied the request. He asserts that Scott "grabbed" his injured leg and pushed it into the car.

When he arrived at the Phelps County Jail, he exhibited "discomfort." He had trouble sitting down or lying on his stomach. Defendant Kelly assessed him and did not provide him with any treatment. On July 8, 2016 Kelly assessed him again and determined that he had bruising and strained muscles. She gave him Tylenol, but she did not take an X-ray of his leg.

Plaintiff alleges that defendant Shults is knowledgeable of the Jail's policies and procedures. And he claims that defendant Lisenbee is responsible for training his deputies.

## Discussion

The Court reviewed plaintiff's original complaint on August 3, 2016, and found that it failed to state a claim because, among other things, plaintiff sued defendants in their official capacities only. In ordering plaintiff to consider amending, the Court instructed, "**In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**." (Emphasis in original). Upon review of the amended complaint the

Court finds that Plaintiff has not sued the individual defendants in their individual capacities, and he has not alleged that a policy or custom of a municipal entity is responsible for any alleged constitutional violation. As a result, plaintiff's allegations against Scott, Lisenbee, Kelly, and Shults fail to state a claim upon which relief can be granted. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Additionally, as the Court previously stated, plaintiff's claims against the Sherriff's Department is legally frivolous because it cannot be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Consequently, this action is dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 29th day of August, 2016.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE